**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3589-21

WAYNE C. CHAN,

    Plaintiff-Appellant,

v.

NEW JERSEY DIVISION OF
GAMING ENFORCEMENT,

    Defendant-Respondent,

and

NEW JERSEY CASINO CONTROL
COMMISSION,

    Defendant.

_____

Argued April 24, 2024 – Decided July 10, 2024

Before Judges Currier and Susswein.

On appeal from the New Jersey Casino Control Commission, Docket No. 22-0018.

Leonard S. Spinelli argued the cause for appellant (PEM Law LLP, attorneys; Charles J. Messina and

Leonard S. Spinelli, of counsel and on the briefs; Katherine Szabo, on the briefs).

Jennifer K. Russo-Belles, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Louis S. Rogacki, Assistant Attorney General, of counsel; Jennifer K. Russo-Belles, on the brief).

PER CURIAM

After losing a substantial sum of money at the craps tables at the Hard Rock Hotel & Casino, plaintiff filed a complaint with defendant New Jersey Division of Gaming Enforcement alleging Hard Rock was scribing[1] its dice in violation of the Casino Control Act (Act), N.J.S.A. 5:12-1 to -233, and several administrative regulations. After investigating the allegations, defendant determined the scribing did not violate the Act or its regulations. Because we find defendant's decision was not arbitrary, capricious, or unreasonable, we affirm.

Plaintiff initially challenged the scribing practice when Hard Rock sought to collect his debt. Hard Rock's counsel responded that the casino's internal controls regarding the inspection and distribution of dice, including scribing,

---

[1] Hard Rock's counsel described "scribing" as when the casino employee puts "an identifiable mark on the dice, such as an initial, mark, or line in a certain place, in order for [the casino] to positively identify the dice as its issued property."

were approved by defendant and were "both customary and normal throughout the casino industry."

Thereafter, plaintiff filed a complaint against Hard Rock in the United States District Court of New Jersey, alleging that on several occasions he observed the dice used at craps tables being "marked" or "scribed." Plaintiff alleged breach of contract, breach of implied contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Plaintiff sought compensatory damages of his losses.

Hard Rock moved to dismiss the complaint. The District Court denied the dismissal motion but administratively terminated the case, determining that because plaintiff's complaint involved an interpretation of the Casino Control Commission's (Commission) rules, the Commission and defendant were "best positioned to consider" it.

Plaintiff next filed a patron complaint with defendant in 2021, alleging that "[w]hile playing at various craps tables in the Hard Rock [Casino] in 2018 and 2019, [he] noticed on several occasions that the dice used at the tables were [intentionally] marked, or 'scribed[,]' by employees of the Hard Rock Casino." Plaintiff asserted these actions violated the Act and the regulations under "N.J.A.C. 19:40A-1.1 to -6.7" and "N.J.A.C. 13:69-69P."

A-3589-21

Defendant investigated plaintiff's allegations, which included interviewing plaintiff and Hard Rock's Vice President of Table Games (VP) and reviewing a Hard Rock Internal Controls Submission from January 22, 2020. In its ensuing report, defendant's investigator recounted plaintiff's statement during his interview that he observed "employees use a sharp object to scribe the dice" in early 2019. The investigator further stated the VP was not working at Hard Rock in 2018 or 2019, but the VP said that Hard Rock currently scribed its dice, and that the practice is "common" and has been done "for a very long time."

Hard Rock's 2020 internal controls was attached to the report, which described the casino's current procedure of "measuring the dice, spinning the dice, squaring the dice[,] and scribing the dice." The submission stated that scribing is the "the final step," where each die is scribed with a "single dot added to the Hard Rock logo on the TWO side."

The report also referred to Bally's Atlantic City's System of Internal Controls that was approved by the Commission in 2008. Bally's internal controls stated that the box person at each craps table "shall . . . scribe the dice" before placing them on the table for use in gaming.

In March 2022, defendant responded to plaintiff, concluding that "scribing dice does not violate its regulations" and informing him the complaint was

closed. Defendant stated it interviewed plaintiff and Hard Rock personnel, reviewed the casino's Internal Controls, inspected the casino's dice, and observed personnel scribe the dice. Defendant said "the practice of scribing dice had been accepted as a common and acceptable business practice by the . . . Commission and [itself]" as a safeguard against fraudulent practices. Defendant compared its inspections of dice prior to and after scribing and said the results were "identical." It further stated that its inspection confirmed that scribing "does not cause any type of 'flaw' or 'defect' that would 'affect the integrity or fairness of the game.'" (quoting N.J.A.C. 13:69E-1.16(g)).

Thereafter, plaintiff submitted a letter to the Commission appealing defendant's decision and "seeking a determination that the dice-scribing practice[]" employed by Hard Rock was a per se violation of N.J.A.C. 13:69E-1.15(a)(3) and (5), because the surface of the die "is no longer 'perfectly flat' and 'flush,' and the texture and finish on each side is not 'exactly identical.'" (citations omitted).

Defendant moved to dismiss the appeal, asserting the Commission did not have authority to review defendant's response to plaintiff's patron's complaint. The Commission granted defendant's motion, finding that under the 2011

5

amendments to the Act, it "lack[ed] the jurisdictional authority to review [defendant's] decision regarding [plaintiff's] patron complaint."

Plaintiff subsequently filed a notice of appeal with this court from defendant's decision regarding his patron complaint. In July 2023, we permitted plaintiff to supplement the record with a certification in which plaintiff stated that during his interview with defendant's investigator, plaintiff told the investigator that in 2019 the box person had scribed his initials into the dice, which were visible and clear to plaintiff. Plaintiff asserted that

> [t]he investigation conducted by [defendant] revealed practices and procedures that materially differed from the practices [he] observed in 2019, most notably that the box person did not merely place a 'dot' on the TWO side of the dice, but had instead forcibly etched his initials into one face of each die.

On appeal, plaintiff contends defendant's decision was arbitrary and capricious because scribing dice violates the express and implied legislative policies of the Act and is a per se violation of the regulations. We disagree.

Our judicial review of quasi-judicial agency determinations is limited. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). "An agency's determination on the merits '"will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that

it lacks fair support in the record."'" Saccone v. Bd. of Trs. of the Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo, 206 N.J. at 27).

On appeal, review of administrative actions is limited to three inquiries:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars Auto Grp., Inc., 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

"When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." In re Herrmann, 192 N.J. 19, 28 (2007).

N.J.S.A. 5:12-100(e) states, "All gaming shall be conducted according to rules promulgated by [defendant]." N.J.A.C. 13:69E-1.15(a) sets forth the regulations pertaining to dice used in casino games. The regulations do not mention the practice or act of scribing. N.J.A.C. 13:69E-1.15(a)(3) and (5) require each die have "perfectly flat" surfaces, spots that are "perfectly flush" to

7

the surrounding surface, and an "exact[] identical" texture and finish of each side to all other sides.

Defendant is responsible for investigating matters concerning the conduct of gaming and gaming operations as well as the enforcement of the regulations. N.J.S.A. 5:12-63(1)(g) and (j). Here, after investigating plaintiff's complaint, defendant found the practice of scribing did not violate the regulations and the de minimis change to one side of the die did not make the game unfair under the Act.

In light of the high deference accorded to defendant in regulating casino operations and interpreting the governing statutes, its determination that the scribing practice was approved many years earlier by the Commission and did not create a flaw in the dice, and that Hard Rock did not violate N.J.A.C. 13:69E-1.15(a), is not unreasonable, capricious, or arbitrary because it is supported by evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION